UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TRACEY PEACHEY and<br>KENNETH PEACHEY,<br><br>    Plaintiffs,<br><br>v.<br><br>FOUR D TRUCKING, *et al.*,<br><br>    Defendants. | Civil No. 5:25-cv-00207-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Rafael Vazquez's Motion to Dismiss or Quash the Summons under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).  **[R. 6.]**  Mr. Vazquez submits this Motion by special appearance only, without entering his appearance or submitting to the jurisdiction of the Court.  *Id.*  For the reasons set forth below, Mr. Vazquez's Motion to Quash the Summons **[R. 6]** is **GRANTED** and Mr. Vazquez's Motion to Dismiss **[R. 6]** is **DENIED.**

**I**

Plaintiffs initially filed their Complaint in Madison Circuit Court on March 14, 2025 against Four D Trucking and Adam Bousman.  [R. 1-1.]  Among other claims, the Plaintiffs alleged that Bousman, an employee of Four D, negligently operated a semi tractor-trailer on I-75, causing his vehicle to crash into a vehicle driven by Plaintiff Tracy Peachey.  *Id.*  On May 14, 2025, the Plaintiffs filed an Amended Complaint to assert claims against two new defendants, MVT Services, LLC and Rafael Vazquez.  Plaintiffs' Amended Complaint alleged that Mr. Vazquez, an employee of MVT Services, also negligently operated his semi tractor-trailer on I-

75 in a way that impeded traffic and caused Tracy Peachey's injuries. *Id.* On June 5, 2025, Plaintiffs attempted to serve Mr. Vazquez with the First Amended Complaint through the Kentucky Secretary of State, pursuant to Kentucky's Long Arm Statute, KRS 454.210. [R. 6-3.] The Kentucky Secretary of State attempted to serve Mr. Vazquez at the address of his employer in New Mexico on June 10, 2025, and a return receipt from the United States Postal Service indicated that the documents were "delivered, left with individual" on June 10, 2025. [R. 8-1.] Additionally, the return receipt included a signature of the recipient. *Id.* On June 10, 2025, while the case was still pending in Madison County Circuit Court, the Kentucky Secretary of State filed a Return of Service Notice, indicating that service was made on the Kentucky Secretary of State on June 5, 2025 and delivered to Mr. Vazquez's address on June 10, 2025. [R. 6-3.] However, Mr. Vazquez maintains that he did not sign for the documents, and that the individual who signed for them was not authorized to sign for or receive those documents on his behalf. [R. 6-1 at 3.] Mr. Vazquez provided a declaration from Cindy Olivares, a receptionist for MVT Services, asserting that she received and signed for the summons. [R. 8-1.] Mr. Vazquez contends that Ms. Olivares was not authorized to sign for or receive those documents on behalf of Mr. Vazquez. [R. 6-1 at 3.] On June 20, 2025, the action was removed to federal court. [R. 1.]

Mr. Vazquez contends that the Plaintiffs' attempt at service did not comply with either Kentucky Law or the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). [R. 6-1 at 1.] Accordingly, Mr. Vazquez moves to be dismissed from the action or, alternatively, to quash the summons for ineffective service of process. *Id.* The Plaintiffs responded, asserting that Mr. Vazquez failed to meet his burden of proof showing the service of summons and complaint did not comply with

2

state and federal requirements. [R. 7.] The Plaintiffs also argue that the Hague Convention does not apply under the facts of this case because Mr. Vazquez's address was not known to the Plaintiffs when they filed their action against him. *Id.* Plaintiffs request that the Court deny Mr. Vazquez's Motion to Dismiss or Quash the Summons, or alternatively, allow the Plaintiffs to continue pursuing service on Mr. Vazquez. *Id.* The Court will address these arguments in turn.

## II

Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process. This dismissal mechanism is not merely formalistic: "[w]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Boulger v. Woods*, 306 F. Supp. 3d 985, 992 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). And without personal jurisdiction, a federal court is "'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)); *see also Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) ("[T]he requirement of proper service of process 'is not some mindless technicality.'") (internal citation omitted).

Although styled as two separate motions – one under 12(b)(2) for lack of personal jurisdiction and the other under 12(b)(5) for insufficient service of process – resolution of both issues simply boils down to whether Mr. Vazquez has been properly served. Mr. Vazquez does not contend that this Court could not exercise personal jurisdiction over him once he has been properly served. Thus, the 12(b)(2) and 12(b)(5) analysis are one in the same for purposes of Mr. Vazquez's Motion.

**A**

**1**

The Court will first address whether Plaintiffs were required to serve Mr. Vazquez in accordance with the Hague Convention. The Hague Convention is a multinational treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdiction would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Both the United States and Mexico are signatories to the Hague Convention. Article 1 provides that the Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 361, art. 1. However, the Hague Convention does not apply "where the address of the person to be served with the document is not known." *Id.*

Whether there is an occasion to transmit a judicial document abroad depends on "the internal law of the forum state." *Schlunk*, 486 U.S. at 700. If the internal law of the forum state directs that the proper method of serving process requires transmitting the document abroad, then the Hague Convention applies. *Id.* However, where service on a domestic agent is valid under state law and the Due Process Clause, the Hague Convention is not implicated. *Id.* at 707. Thus, there are two distinct inquiries that determine whether the Hague Convention applies in this action. The first is whether service on the Kentucky Secretary of State was valid under Kentucky Law and the Due Process Clause. If service was valid, then Hague Convention is not implicated. The second inquiry is whether Mr. Vazquez's address was "known" to the Plaintiffs for purposes of the Hague Convention. If Mr. Vazquez's address was "known," then the Hague Convention is applicable; if Mr. Vazquez's address was "unknown" then the Hague Convention is not

applicable. After a review of the record and relevant authorities, the Court finds that the Plaintiffs were required to comply with the Hague Convention in serving Mr. Vazquez.

a

As noted above, the Hague Convention is only applicable when there is an "occasion" to transmit documents abroad. There is no occasion to transmit documents abroad if a foreign national is served properly through its agent in the United States. *Schlunk*, 486 U.S. at 698. Two Kentucky statutes relevant to this action permit the Kentucky Secretary of State to act as a nonresident defendant's "domestic agent" for purposes of service of process: the nonresident motorist statute and the long arm statute. The nonresident motorist statute provides:

> Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved. KRS § 188.020

Essentially, any nonresident who operates a motor vehicle within the Commonwealth of Kentucky agrees that the Kentucky Secretary of State becomes his agent for the purpose of service of process related to any civil action arising out of a collision occurring within the Commonwealth. Thus, Mr. Vazquez, by operating a motor vehicle in the Commonwealth, agreed that the Kentucky Secretary of State would become his agent to receive service of process in the event that a civil action arose relating to his operation of a motor vehicle within the Commonwealth. The analysis does not end there however, because the Supreme Court of the United States has instructed that only *properly* serving a foreign citizen through his agent renders the Hague Convention inapplicable. *Schlunk*, 486 U.S. at 698. And the Kentucky Supreme

Court has held that under the nonresident motorist statute, the plaintiff must provide the Kentucky Secretary of State with a <u>correct</u> address in order to effect valid service. *Hertz' You Drive It Yourself Sys., Inc. v. Castle*, 317 S.W.2d 177 (Ky. 1958).

Here, Plaintiffs provided the address of Mr. Vazquez's employer to the Kentucky Secretary of State. [R. 7 at 4.] Plaintiffs were unaware of Mr. Vazquez's home address at the time and provided his work address because it was "the only 'address' Plaintiffs knew for Mr. Vazquez." *Id.* Despite not knowing Mr. Vazquez's address, Plaintiffs at least knew that Mr. Vazquez's residential address was in Mexico based on the Traffic Collision Report which listed Mr. Vazquez's address as "Unknown, Mexico." [R. 7-1.] The Plaintiffs therefore did not comply with the non-resident motorist statute because they did not provide a correct address for Mr. Vazquez.

Plaintiffs' argument that the Hague Convention is inapplicable because they validly served Mr. Vazquez's domestic agent fares no better under the Kentucky Long Arm Statute. The Kentucky Long Arm Statute similarly designates the Kentucky Secretary of State as the domestic agent of a nonresident who transacts business in the Commonwealth. KRS § 454.210. Again, in order to render the Hague Convention inapplicable, the Plaintiffs were required to <u>properly</u> serve Mr. Vazquez's domestic agent. *Schlunk*, 486 U.S. at 698. The Kentucky Long Arm Statute is silent regarding when the wrong address is provided to the Secretary of State, but as this Court found last year, it is "unlikely that the Kentucky legislature meant for this extension of personal jurisdiction over non-Kentucky resident to do away with well-established rules regarding service of process under state law." *Worley v. 500 Mem'l Drive Ky., LLC*, No. 5:23-cv-156-KKC, 2024 WL 86857, at *2 (E.D. Ky. Jan. 8, 2024). Therefore, the Court reaches the same conclusion in

analyzing the Kentucky Long Arm Statute – the Plaintiff must (and here did not) provide the Kentucky Secretary of State with a correct address to render the Hague Convention inapplicable.

b

The next issue is whether Mr. Vazquez's address was "known" to the Plaintiffs. Article 1 of the Hague Convention provides that the Hague Convention does not apply "where the address of the person to be served with the document is not known." 20 U.S.T. 361, art. 1. Plaintiffs contend that they were not required to comply with the Hague Convention because they did not know Mr. Vazquez's address when they attempted to serve him. [R. 7 at 4.] In reviewing relevant cases from this and other Circuits, it appears that most courts do not merely accept plaintiffs' contentions that they did not know a defendant's address, but rather, courts inquire into "the efforts plaintiffs have put forth in attempting to discover" the defendant's address. *Compass Bank v. Katz*, 287 F.R.D. 392, 394 (S.D. Tex. 2012) (citing *Opella v. Rullan*, No. 10-211340-CIV, 2011 WL 2600707 (S.D. Fla. June 29, 2011)). For example, in a case out of this circuit, the court found that a defendant's address was 'unknown' for purposes of the Hague Convention when the plaintiff's conducted a "comprehensive and exhaustive search" for the defendant's address. *Noco Company, Inc. v. Zhejian Quingyou Electronic Commerce Co., Ltd.*, 338 F.R.D. 100, 105-06 (N.D. Ohio 2021). Similarly, in a case out of the 5th Circuit, the court examined whether the plaintiffs exercised "reasonably diligent efforts to learn the defendants' mailing addresses." *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'n Identified on Schedule "A",* 391 F.Supp.3d (N.D. Ill. 2019).

In examining the efforts Plaintiffs have put forth in attempting to acquire Mr. Vazquez's address, it appears Plaintiffs attempted to serve Mr. Vazquez through his counsel, and when counsel refused to accept service on Mr. Vazquez's behalf, Plaintiffs requested his address from

7

his counsel. [R. 7 at 2; R. 7-2.] The record does not indicate any other efforts made by the Plaintiffs to obtain Mr. Vazquez's address – certainly not a "comprehensive and exhaustive search" as was seen in the *Noco* case. To be clear, the Court need not inquire into whether the Plaintiffs subjectively knew Mr. Vazquez's address on June 5, 2025, when they attempted service through the Kentucky Secretary of State. Regardless of whether they did or did not subjectively know Mr. Vazquez's address, this Court finds that in order to evade compliance with the Hague Convention, the Plaintiffs must demonstrate some showing that they searched for Mr. Vazquez's address to no avail. Because Plaintiffs have not made such a showing, the Court finds that Mr. Vazquez's address was not 'unknown' and thus, the Plaintiffs were required to comply with the Hague Convention to effect service on him.

**2**

Having concluded that the Plaintiffs were required to comply with the Hague Convention, the Court will next analyze whether the Plaintiffs did so, and whether quashing the summons is warranted. Articles 3 through 6 of the Hague Convention provide the procedures for service under the Hague Convention. 20 U.S.T. 361, art. 3-6. Importantly, compliance with these Articles requires the designated "Central Authorities" of each State—Mexico and the United States in this case—to send and receive requests for service. 20 U.S.T. 361, art. 2. The Plaintiffs do not contend that they complied with the Hague Convention, and despite Plaintiffs' assertion to the contrary, it is the Plaintiffs' burden to show Mr. Vazquez has been properly served. ("When a defendant files a motion to dismiss under Rule 12(b)(5), the plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." *Mullins v. Kalns*, No. 99-4301, 2000 WL 1679511, at *3 (6th Cir. Nov. 3,

8

2000)). Because the Plaintiffs have failed to show that proper service on Mr. Vazquez was made, the Court finds that the summons should be quashed.

**B**

Turning to Mr. Vazquez's Motion to Dismiss him from this action, the Court finds that the Plaintiffs will have the opportunity to serve Mr. Vazquez in compliance with the Hague Convention. Plaintiffs requested in their response that "if the Court determines the June 5, 2025, service cannot stand under the applicable facts and/or law, Plaintiff must be given the opportunity to obtain service of process on Mr. Vazquez." [R. 7 at 9.] The Court agrees with the Plaintiff that the Defendant has not (and cannot) provide support for a "one and done" opportunity to serve a defendant. *Id.* In fact, 28 U.S.C. § 1448 provides that "[i]n all cases removed from any State court to any district court of the United States in which any defendant has not been served with process, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." It is also worth noting that Mr. Vazquez's counsel provided Plaintiffs with Mr. Vazquez's address the day after Plaintiffs attempted to serve Mr. Vazquez through the Kentucky Secretary of State. With this in mind, the Court finds it reasonable to allow the Plaintiffs another opportunity to serve Mr. Vazquez.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Vazquez's Motion to Quash the Summons **[R. 6]** is **GRANTED**.
2. Mr. Vazquez's Motion to Dismiss **[R. 6]** is **DENIED**;

This the 9th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge