UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TRACY PEACHEY and<br>KENNETH PEACHEY,<br><br>   Plaintiffs,<br><br>v.<br><br>FOUR D TRUCKING, INC., *et al.*,<br><br>   Defendants. | Civil No. 5:25-cv-00207-GFVT<br><br>**MEMORANDUM OPINION<br>& ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion for an Extension of Time to Serve Defendant Rafeal Vazquez [R. 19] and Plaintiff's Motion to Expedite Discovery for the purpose of acquiring additional address information for Defendant Rafeal Vazquez. [R. 16.] Defendant MVT Services does not oppose the Motion for an Extension of Time but asks the Court to order Plaintiffs to show cause why their claims should not be dismissed if they fail to serve Defendant Vasquez within the next 180 days. [R. 20.] Defendant MVT Services opposed the Plaintiffs' Motion to Expedite Discovery, but the Plaintiffs have since withdrawn this motion. [R. 18; R. 21.]

Because the Court finds that Plaintiffs have established good cause, the Court will **GRANT** an extension of time to serve Defendant Vazquez. [R. 19.] Additionally, the Court will **DENY AS MOOT** the Plaintiffs' Motion to Expedite Discovery. [R. 17.]

**I**

This case arises out of a motor vehicle accident which resulted in injuries to Plaintiff Tracey Peachey. [R. 1-1.] Plaintiffs initially filed their Complaint in Madison Circuit Court on March 14, 2025, against Four D Trucking and Adam Bousman. *Id.* Among other claims, the

Plaintiffs alleged that Bousman, an employee of Four D, negligently operated a semi tractor-trailer on I-75, causing his vehicle to crash into a vehicle driven by Plaintiff Tracy Peachey. *Id.* On May 14, 2025, the Plaintiffs filed an Amended Complaint to assert claims against two new defendants, MVT Services, LLC and Rafael Vazquez. Plaintiffs' Amended Complaint alleged that Mr. Vazquez, an employee of MVT Services, also negligently operated his semi tractor-trailer on I-75 in a way that impeded traffic and caused Tracy Peachey's injuries. *Id.*

On June 5, 2025, Plaintiffs attempted to serve Mr. Vazquez with the First Amended Complaint through the Kentucky Secretary of State, pursuant to Kentucky's Long Arm Statute, KRS 454.210. [R. 6-3.] On June 10, 2025, while the case was still pending in Madison County Circuit Court, the Kentucky Secretary of State filed a Return of Service Notice, indicating that service was made on the Kentucky Secretary of State on June 5, 2025, and delivered to Mr. Vazquez's address on June 10, 2025. *Id.* Defendants then removed the case to this Court on June 20, 2025. [R. 1.]

Mr. Vazquez then moved by special appearance to be dismissed from the action, or alternatively to quash the summons for ineffective service of process. [R. 6.] Mr. Vazquez specifically contended that the Plaintiffs' attempt at service did not comply with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *Id.* The Court ultimately agreed that Plaintiffs were required to comply with the Hague Convention to serve Mr. Vazquez, and because they had not, the Court quashed the summons. [R. 9.] However, the Court found that dismissing Mr. Vazquez from this action was not warranted and allowed the Plaintiffs additional time to serve Mr. Vazquez in accordance with the Hague Convention. *Id.* at 9.

2

By subsequent Order, the Court imposed a ninety (90) day deadline for the Plaintiffs to serve Mr. Vazquez, making the deadline for service January 15, 2026. [R. 10.] Prior to this deadline, Plaintiffs retained a process serving company, Judicial Process and Support, Inc., which specializes in international service to attempt service on Mr. Vazquez in accordance with the Hague Convention. [R. 19 at 4.] Plaintiffs state that on January 5, 2026, the process serving company indicated that service had not been complete, and that service in Mexico could take six to twelve months to complete. *Id.* at 4-5. The Plaintiffs provided an affidavit from the President of Judicial Process and Support to that effect. [R. 19-2.]

Prior to the expiration of the January 15 deadline, Plaintiffs filed a motion to expedite discovery and a motion for an extension of time to serve Mr. Vaquez. [R. 17; R. 19.] Plaintiffs first requested that the Court permit Plaintiffs to propound certain interrogatories on Defendant MVT regarding all domestic addresses for Mr. Vazquez. [R. 17 at 1.] Plaintiffs provide that they have reason to believe that Mr. Vazqeuz maintains a domestic address at which Plaintiffs may serve him. *Id.* at 3. Defendant MVT opposed this motion, stating that Plaintiffs are responsible for their failure to serve Mr. Vazquez, and thus have not demonstrated "good cause" to expedite discovery. [R. 18.] However, in the wake of these filings, the parties have decided to conduct their Rule 26(f) conference on January 26, 2026. [R. 21.] Plaintiffs believe this development obviates the need to expedite discovery, and thus withdraw their motion. *Id.* at 1.

As for the Plaintiff's motion for extension to serve Mr. Vazquez, Plaintiffs request a "reasonable period" not exceeding the statute of limitations, to serve Mr. Vazquez. [R. 19 at 5.] Defendant MVT does not oppose an extension but asks this Court to impose a limit on future extensions, not to exceed 180 days from the entry of this Order. [R. 20.] The Court will address the parties' contentions in turn.

**II**

Typically, if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, unlike service on a domestic defendant, the Federal Rules of Civil Procedure do not proscribe a time limit to effect service on foreign defendants. Fed. R. Civ. P. 4(m) ("This subdivision does not apply to service in a foreign country under Rule 4(f). . .") As one court in this circuit noted, "[w]ithout guidance from the text of Rule 4, 'there is a considerable difference of opinion among circuits regarding what—if any—time limits apply to service of process on a foreign defendant." *Gamboa v. Ford Motor Co.*¸ 414 F. Supp.3d 1035, 1041 (E.D. Mich. 2019) (quoting *Harris v. Orange S.A.,* 636 Fed. Appx. 476, 485 (11th Cir. 2015). Although the Sixth Circuit has not directly addressed the time limits for a plaintiff to serve process upon a defendant in a foreign country, "[m]ost circuits having addressed the issue have held that a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." *Id.*

Recognizing the absence of a deadline in the Federal Rules of Civil Procedure, this Court imposed a deadline to serve Mr. Vazquez upon the Plaintiff. [R. 10.] Thus, the Court may, for good cause, extend the time for Plaintiffs to serve Mr. Vazaquez. Fed. R. Civ. P. 6(b). In the context of service, good cause may be satisfied by "a reasonable and diligent effort to effect service." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). The Sixth Circuit has held that good cause is typically present when "something outside the plaintiff's control prevents timely service." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023), *cert. denied*, 144 S. Ct. 96 (2023).

Here, Plaintiffs have demonstrated good cause for an extension to serve Mr. Vazquez. While Defendant MVT is technically correct in asserting "Plaintiffs did not initiate any attempts at foreign service until October 2025," which Defendant MVT points out was more than 150 days after the Complaint was filed, that is not a completely accurate characterization of the events giving rise to the present motion. [R. 20 at 3.] Plaintiffs believed that they had effected proper service on Mr. Vazquez up until this Court quashed the summons on October 10, 2025. [*See* R. 7; R. 19.] Further, Plaintiffs believed that they did not have to serve Mr. Vazquez in accordance with the Hague Convention, and the Court has no indication that this belief, although mistaken, was not honestly held. [R. 7.] Thus, the Plaintiffs did not get confirmation that they needed to comply with the Hague Convention until October 2025, at which point they began attempting service in accordance with the Hague Convention.

Plaintiffs retained an international process server days after this Court quashed the summons and started arranging service in compliance with the Hague Convention which required translating Plaintiff's thirty-six page Complaint. [R. 19 at 7.] Plaintiffs indicate that counsel has been in regular communication with the process server, and forces outside of Plaintiffs' control have delayed service. *Id.* at 8-9. The process server confirmed her ongoing attempts to serve Mr. Vazquez in accordance with the Hague Convention and further avers that service in Mexico may take up to twelve months, based on past experience. [R. 19-2.] The Court therefore finds good cause exists to grant an extension.

Finally, Defendant MVT's requests that the Court impose a strict 180-day deadline for the Plaintiffs to serve Mr. Vazquez and order the Plaintiffs to show cause as to why their claims should not be dismissed, should they fail to serve Mr. Vazquez within that time. [R. 20.] The Court prefers instead to cross that hypothetical bridge, if and when it becomes necessary.

Contrary to Defendant MVT's assertion, the Plaintiffs have not been attempting to serve Mr. Vazquez for "more than 200 days." *Id.* at 3-4. As discussed above, for the majority of that time, Plaintiffs believed they *had* served Mr. Vazquez. [*See* R. 7.]

Additionally, the "good cause" inquiry requires the Court to consider whether the Plaintiffs are diligently working to serve Mr. Vazqeuz, which is necessarily a fact-driven inquiry. *See Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). At this time, the Court has found the Plaintiffs have undertaken a reasonable, diligent effort to timely effect service, and the Plaintiffs may very well be unable to serve Mr. Vazquez in 180 days, despite their best efforts and for reasons beyond their control. *See Woods v. Morris Mohawk Gaming Grp.*, No. 3:23-cv-53-GFVT, 2025 WL 3157707 (discussing the challenges inherent in Hague Convention service). Unlike domestic service, serving Mr. Vazquez in accordance with the Hague Convention requires the cooperation of a foreign government and actors beyond Plaintiffs' control.

While the Court is sensitive to all of the Defendants' desire to move this case towards a resolution, they remain free to do so, even in Mr. Vazquez's absence. To ask the Court to decide today that the Plaintiffs are not entitled to a future extension would require the Court to speculate as to facts that are not presently before it.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Having been withdrawn, Plaintiffs' Motion to Expedite Discovery **[R. 17]** is **DENIED AS MOOT**;

2. Plaintiffs' Motion for Extension of Time to Serve Defendant Rafeal Vazquez **[R. 19]** is **GRANTED**;

3. Plaintiffs **SHALL** file proof of service **within 180 days** from the entry of this Order.

This the 2nd day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge